# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-2008V
(not to be published)

| | |
|---|---|
| KAREN HERGETT,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Bradley S. Freedberg*, Denver, CO, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 21, 2017, Karen Hergett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndromé as a result of an influenza vaccine received on October 19, 2016. (Petition at 1-3). On September 11, 2019, a decision was issued by then Chief Special Master Dorsey awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 39).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 29, 2019, prior to the conclusion of the case, Petitioner filed a final application for attorney's fees and costs (ECF No. 34). In that application, Petitioner did not submit supporting documentation for requested costs, and requested hourly rates exceeding the rate previously set for the same counsel for 2017 in *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801 (Fed. Cl. Spec. Mstr. May 10, 2018), and that exceeded the fee schedule for 2017 and 2018.

On August 2, 2019, a status conference was held between Petitioner's counsel Bradley Freedberg, staff attorneys Eileen Vachher and Andrew Sterling, and Respondent's counsel Adriana Teitel to discuss the premature filing. Mr. Sterling informed Petitioner's counsel that there were multiple errors within the application, including missing supporting documentation. Mr. Sterling also noted issues with the hourly rates requested for the work done by Mr. Freedberg and Greg Cairns, and suggested that when the fee application was re-submitted, Petitioner should address how these rates were treated in *Mackey*. An Order striking the application for fees was filed on August 5, 2019. (ECF No. 36). Within the Order it was recommended that Mr. Freedberg review his hourly rates, the descriptions of time billed and ensure that all supporting documentation is properly filed when a motion for fees was refiled.

On December 4, 2019, Petitioner re-filed her application for attorney's fees and costs. (ECF No. 45). Petitioner is requesting a total award of $26,544.50 (representing $26,044.50 in fees and $500.00 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41). In the refiled fees application, however, Petitioner again requested reimbursement of costs without providing supporting documentation. Petitioner adjusted the hourly rate requested for the work billed by Mr. Freedberg and Mr. Cairns, lowering the rate requested for Mr. Freedberg's work to $410 per hour, but without explanation *increasing* the rate requested for Mr. Cairns' work from $425 per hour to $450 per hour. No explanation was provided for these rates, and Petitioner did not otherwise address the rates set for Mr. Freedberg and Mr. Cairns in *Mackey*.

Respondent reacted to the motion on December 18, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to the Court's discretion to determine the amount to be awarded. (ECF No. 46). Petitioner did not file a reply thereafter.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific

billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### A. Hourly Rates

Petitioner requests the rate of $410 per hour for all time billed by attorney Bradley Freedberg, and the rate of $450 per hour for all time billed by attorney Greg Cairns of the firm Cairns & Associates, P.C.[3] (ECF No. 45 at 2).

#### i. Hourly rates for Bradley S. Freedberg

Mr. Freedberg attests that he has been a licensed attorney since 1990, placing him the range of attorneys with 20 – 30 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[4] (ECF No. 45-1 at 1). However, Mr. Freedberg was previously awarded an hourly rate of $358 for time billed in 2017. *See Mackey v. Sec'y of Health & Human Servs.,* No. 16-1289V, 2018 WL 3596801, (Fed. Cl. Spec. Mstr. May 10, 2018).

---

[3] Petitioner's application for attorney fees refers to Mr. Cairns as "associated counsel" to Mr. Freedberg in this case. ECF No. 45-1 at 2.

[4] The OSM Attorneys' Forum Hourly Rate Fees Schedules for 2015 – 2019 can be located on the court's website. http://www.cofc.uscourts.gov/node/2914

In *Mackey*, the special master's assessment of Mr. Freedberg's hourly rates concluded that they should fall on the lower end of the *McCulloch* fees range, due to Mr. Freedberg's lack of experience in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). This is the third case Mr. Freedberg has completed in the Program, so he remains somewhat "new" to Vaccine Act cases.[5]

I agree with the prior Special Master's assessment in *Mackey* and reduce the 2017 rate from the requested hourly rate of $410 to the previously awarded hourly rate of $358.

I also find it necessary to reduce the requested 2018 and 2019 hourly rates for Mr. Freedberg, as he lacks the experience in the Vaccine Program to support the requested rates. Based on my experience and the application of the factors discussed in *McCulloch*, I find the rate of $375 for 2018 and for 2019 the rate of $390 per hour to be a more appropriate hourly rates based on Mr. Freedberg's continued practice in the Vaccine Program.

The adjustment of Mr. Freedberg's rates result in a reduction of attorney fees in the amount of **$1,894.00**.[6]

ii. Hourly Rate for Gregory Cairns

Petitioner's motion states that "associated attorney" Gregory Cairns has over thirty years of legal experience. (ECF No. 45-1). The billing entries show that Mr. Cairns billed time for the year of 2018 at a rate of $450 per hour and $185 per hour for his paralegal's time. (ECF No. 45-3). These rates have been increased, without explanation, from rates requested in the motion filed in June 2019.

Given that Mr. Cairns is not an attorney admitted to practice in the Court of Federal Claims, a reduction of his requested hourly rate is appropriate. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted

---

[5] Mr. Freedberg has two cases still pending before this Court. He was awarded reduced attorney fees and costs in *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289, 2018 WL 3596801 (Fed. CL. Spec. Mstr. May 10, 2018) and denied fees and costs in *Highland v. Sec'y of Health & Human Servs.*, No. 17-1333V, 2018 WL 818266, (Fed. Cl. Spec. Mstr. January 19, 2018).

[6] This amount consists of ($410 - $358 = $52 x 14.50 hrs = $754.00) + ($410 - $375 = $35 x 24 hrs = $840.00) + ($410 - $390 = $20 x 15 hrs = $300) = $1,894.00.

attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).[7]

In *Mackey*, the special master found that "Mr. Freedberg operated outside the Vaccine Rules and the Court of Federal Claims Rules" by not ensuring Mr. Cairns was admitted to practicing in the Court of Federal Claims. *Mackey* at *8. At the time of this case Mr. Freedberg was aware that Mr. Cairns' time should not have been billed at a full attorney rate. Just as in *Mackey*, Mr. Cairns' work was more of a supporting paralegal. In addition, rather than addressing how Mr. Cairns billing rate was addressed in *Mackey* as requested in the August 5, 2019 Order striking the previous fee application, Mr. Freedberg not only did not address *Mackey*, but inexplicably <u>increased</u> the hourly rate billed for Mr. Cairns' work. For that reason, I shall reduce Mr. Cairns' requested from $450 per hour to the rate of $150 per hour for 2018, which is more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of attorney fees in the amount of **$2,220.00**.[8] In addition, Mr. Freedberg's failure to address the hourly rates set forth in *Mackey* resulted in additional time spent by the court on reviewing and analyzing his fee application. This supports a further overall reduction set forth in section D below.

### B. Administrative Time

Upon review of the billing records submitted, it appears that several entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Administrative tasks were billed by both Mr. Freedberg and the paralegal for Mr. Cairns. The tasks billed by Mr. Freedberg are: November 2, 2018 (15 mins) "Scanned W-2's, retirement documentations and Cigna issues" and November 3, 2018 (15 mins) "Scanned and sent revised documents." (ECF NO. 45-2 at 5). The entries billed by Mr. Cairns' paralegal are: February 1, 2018 (10.7 hrs) "Organized Medical Records" and February 15, 2018 (0.2 hrs) "Finalized Med Rec Transmitted to Mr. Freedberg." (ECF No. 45-3).

---

[7] In *Mackey* the special master went into great detail to explain that Mr. Cairns is unable to bill at the full attorney rate while not being admitted to practice in the Court of Federal Claims.

[8] This amount consists of $450 - $150 = $300 x 7.4 hrs = $2,220.00.

As these tasks are considered administrative, they will not be reimbursed. This results in a reduction of administrative time billed in the amount of **$2,204.00**.[9]

### C.  Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  There are multiple paralegal-level tasks that Mr. Freedberg billed at his attorney rate, however several of these tasks are blocked with tasks that would be considered attorney-tasks. I am unable to determine what amount of time was spent on tasks considered paralegal and what tasks would be considered attorney tasks. Thus, the only practical way to address this problem is the overall reduction set forth in section D below.

### D. Other

After reviewing all documentation filed by Mr. Freedberg, multiple discrepancies have been found within the billing records. For example, Mr. Freedberg claims he is requesting "forty-seven (48.5) total billed attorney hours." (ECF No. 45 at 1). The discrepancy with the written amount and numerical amount could be a typographical error, but another discrepancy with the total of hours is within the invoice, as Mr. Freedberg then asks for 45 hrs 15 mins of time. (ECF No. 45-2). Upon further review of the hours requested, it appears that they total yet another amount, 53.50. In addition to the inconsistency of the total of hours, Mr. Freedberg continued to confuse non-compensable tasks with billable tasks, billing paralegal tasks at attorney rates, not filing all supporting documentation for his requests and knowingly billing at an unsuitable rate.[10] It is counsel's burden to properly document any and all fees and costs that are requested that includes the total amount of hours requested, description of time billed, and rates billed.

Mr. Freedberg's continuing inconsistency caused judicial inefficiency, not just with the motion for attorney fees, but in the case as a whole. Mr. Freedberg disregarded the

---

[9] This amount consists of the already reduced rate of ($375 x 0.50 hrs = $187.50) + ($185 x 10.9 hrs = $2,016.50) = $2,204.00.

[10] *See* (ECF No. 45-2 at 1-7).

rules of the Vaccine Court, causing additional orders to be filed and not abiding by filed orders, resulting in either additional orders being filed, or conferences being held with the Court.[11] Mr. Freedberg's failure to comply with the rules of the Court has caused delay and inefficiency, contrary to the purpose of the Special Processing Unit.

It is for these reasons I reduce Mr. Freedberg's overall fees request by thirty percent. This results in a reduction of **$5,917.95**.[12]

## ATTORNEY COSTS

Petitioner requests $500.00 in overall costs. (ECF No. 45-2). On December 30, 2019, an order was filed requesting Mr. Freedberg submit any and all receipts, invoices, or other proof of payment for the requested costs. (ECF No. 47). Mr. Freedberg submitted electronic correspondence to the SPU Fees and Costs paralegal (copying counsel for Respondent) stating that only $400 of his request was for the Court's filing fee and the remaining amount was copy costs that are charged to his office and paid through his monthly rent. Being that there is no documentation to support this, I shall award the $400.00 for the filing fee, and deny the remaining $100.00 requested for costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's application for attorney's fees and costs as follows:

---

[11] Three orders were issued striking documents filed by Petitioner and has, in the interest of expediency, accepted filings that did not comply with court rules.

On February 22, 2018, Petitioner's Notice of Intent to File on Compact Disc was stricken because rather than filing a CD, Petitioner submitted a thumb drive and in addition, the filing was not signed by counsel of record (ECF No. 11). On March 9, 2018, it was noted that Petitioner had filed 33 exhibits that were not labeled with exhibit numbers or independently pagination as required but indicated that the records would be accepted provided that Petitioner filed a detailed exhibit list/table of contents. Scheduling Order, issued Mar. 9, 2018 (ECF No. 14). On March 26, 2018, Petitioner's March 20, 2018 filing labeled table of contents was stricken explaining that the document attached was a "Notice of Filing of Exhibits" and did not contain an exhibit list or table of contents. Scheduling Order, issued Mar. 26, 2018 (ECF No. 17).

In addition, as noted above, Petitioner prematurely filed an application for attorneys' fees and costs, which was stricken on August 5, 2019 following a telephonic status conference (ECF No.36).

[12] This amount consists of the total of fees *after* the previously discussed rate and administrative reductions. $19,726.50 x .30 = $5,917.95.

**Attorney's Fees:**

| | |
|---|---|
| Total Requested: | $26,044.50 |
| Less Rate Adjustment for Mr. Freedberg: | ( 1,894.00) |
| Less Rate Adjustment for Mr. Cairns: | ( 2,220.00) |
| Less Administrative Time: | ( 2,204.00) |
| Less overall reduction: | ( 5,917.95) |
| Total Attorney's Fees: | $13,808.55 |

**Attorney's Costs:**

| | |
|---|---|
| Total Requested: | $ 500.00 |
| Less Costs with no documentation: | ($ 100.00) |
| Total Attorney's Costs: | $ 400.00 |

**Total Fees and Costs Awarded:**       **$ 14,208.55**

I award a total of **$14,208.55** (representing $13,808.55 in attorney's fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[13]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.